IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMMANUEL THOMPSON, *et al.*,       *

    Plaintiffs,       *

    v.       *       Civil Action No. RDB-15-1302

GARY SIMPLER, *et al.*,       *

    Defendants.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The present action consists of two consolidated cases.[1] In the first case, Plaintiff Emmanuel Thompson ("Thompson") brought this action against Defendants Gary Simpler, ("Simpler"), Andrew Pretzello ("Pretzello") and the United States Nuclear Regulatory Commission (the "NRC") (collectively, "Defendants"),[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Freedom of Information Act, 5 U.S.C. 552(a) ("FOIA"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983. In the second case, Plaintiff Karl McDonald ("McDonald") asserts identical claims and facts to those levied by Thompson. Both McDonald and Thompson (collectively, "Plaintiffs") claim they suffered discrimination on the basis of

---

[1] The consolidated actions are *Thompson v. Simpler, et al.*, RDB-15-1302, and *McDonald v. Simpler, et al.*, GJH-15-1343, the latter of which by Order of October 1, 2015 was consolidated under RDB-15-1302 and closed. The Clerk of the Court is instructed that Karl McDonald shall be listed as a second plaintiff in this case. Both plaintiffs are proceeding *pro se*.
[2] Thompson originally named Scott Williamson ("Williamson") as an additional defendant, but then stipulated to Williamson's dismissal with prejudice (ECF No. 4) on May 22, 2015.

their race while stationed, through their employment with GS4 American's Waken Hut Service ("Waken Hut"), at Defendant NRC. Due to the common questions of law and fact, this Court consolidated the cases on October 2, 2015, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. *See* Order, ECF No. 21.

Pending before this Court is Defendant Simpler's Motion to Dismiss (ECF No. 17). In the pending Motion to Dismiss, Simpler moves to dismiss Plaintiff Emmanuel Thompson's Complaint. Generally, the consolidation of cases "is permitted as a matter of convenience and economy in administration, [but] . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). Yet, in the interests of judicial economy and convenience, a party need not file a dispositive motion in each action. *Weststeyn Dairy 2 v. Eades Commodities Co.*, 280 F. Supp. 2d 1044, 1074 (E.D. Cal. 2003). Accordingly, this Court will construe Simpler's Motion to Dismiss as addressed to both *pro se* Plaintiffs Thompson and McDonald. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendant Gary Simpler's Motion to Dismiss (ECF No. 17) is GRANTED. Plaintiff Emmanuel

Thompson and Plaintiff Karl McDonald's respective claims against Defendant Simpler are accordingly DISMISSED and Simpler is dismissed from this consolidated action.[3]

BACKGROUND

This Court accepts as true the facts alleged in Plaintiffs' complaints.[4] *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). This Court also recognizes that Plaintiffs are *pro se* and has accorded their pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiffs allege that they suffered discrimination on the basis of their race while stationed, through their employment with GS4 American's Waken Hut Service ("Waken Hut") at Defendant NRC. At the time of the alleged discriminatory conduct,[5] Thompson and McDonald were employed as security professionals by Waken Hut but stationed at the NRC. Thompson Compl. ¶ 3, ECF No. 1. Beginning in 2008, Defendant Simpler was allegedly assigned to the Plaintiffs' work location as the "Contracting Officer Technical Representative." *Id.* ¶ 5. Plaintiffs are African-American, whereas Simpler is Caucasian. Plaintiffs allege that Simpler made repeated racially-charged derogatory remarks directed at the Plaintiffs and other African-

---

[3] A Motion to Dismiss and Motion for Summary Judgment (ECF No. 30), filed by the remaining Defendants Andrew Pretzello and the United States Nuclear Regulatory Commission remains pending subject to further briefing by the parties.
[4] Apart from recounting specific personal information, the Thompson and McDonald Complaints are identical. This Court will thus refer only to the Thompson Complaint in discussing the Plaintiffs' allegations.
[5] Thompson was employed by Waken Hut and assigned to the NRC from 2004-2011. Thompson Compl. ¶ 3. Thompson was discharged on September 15, 2011. *Id.* ¶ 14. McDonald was employed by Waken Hut and assigned to the NRC from 1997-2011. McDonald Compl. ¶¶ 4, 15, Member Action ECF No. 1. McDonald was also discharged on September 15, 2011. *Id.* ¶ 15.

American employees from 2009-2010. *Id.* ¶¶ 6, 8, 9, 10. Defendant Pretzello, the Deputy Director of Facilities and Security at the NRC, was allegedly Simpler's supervisor during all periods relevant to Plaintiffs' claims.

In response to Simpler's alleged actions, Plaintiffs filed a written complaint of racial discrimination in January 2010.[6] *Id.* ¶ 10. Later that month, McDonald attended a meeting with Branch Chief Darlene Fenton ("Branch Chief Fenton") and two other individuals. *Id.* ¶ 11. At the meeting, McDonald described Simpler's alleged discriminatory actions in detail. *Id.* The Waken Hut management team then held a meeting about the discrimination allegations, at which Defendant Pretzello was present. *Id.* Thompson and McDonald allege that, despite these meetings, no action was taken against Simpler. *Id.* ¶ 12.

Plaintiffs claim that Simpler continued to make racially-charged derogatory comments to them. *Id.* ¶ 13. Thompson and McDonald consequently filed another written complaint in April 2011 and met with Branch Chief Fenton to discuss their complaint. *Id.* Branch Chief Fenton then allegedly told the Plaintiffs that she would terminate Simpler. *Id.* Plaintiffs assert that "upper level management" at NRC, including Pretzello, blocked Simpler's termination. *Id.* Subsequently, Branch Chief Fenton was allegedly "removed, relocated, and/or terminated." *Id.* Thompson and McDonald also claim they suffered demotions and pay cuts. *Id.* On September 15, 2011, they were discharged for alleged "timesheet falsification." *Id.* ¶ 14. Plaintiffs

---

[6] Plaintiffs do not specify if the written complaint was filed with the NRC or Waken Hut.

contend that this justification was mere pretext for their wrongful termination. *Id.* ¶ 15.

## STANDARDS OF REVIEW

I. **Rule 12(b)(1) of the Federal Rules of Civil Procedure**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

II. **Rule 12(b)(1) of the Federal Rules of Civil Procedure**

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable

5

to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

## ANALYSIS

It appears that only Counts One and Five of Plaintiffs' Complaints are directed at Defendant Simpler.[7] In Count One, Plaintiffs allege that Simpler, in his individual capacity, violated 42 U.S.C. § 1981 by acting in a racially discriminatory manner towards them from 2009 through their discharge on September 15, 2011. In Count Five, Plaintiffs claim that Simpler's racially discriminatory conduct also violated 42 U.S.C. § 1983. Simpler moved to dismiss Counts One and Five on several grounds. First, Simpler argues that neither 42 U.S.C. § 1981 nor 42 U.S.C. § 1983 provides a remedy for conduct committed under color of *federal* law. Second, Simpler contends that, even if Plaintiffs' claims are construed under *Bivens v. Six Unknown Named Narcotic Agents*, 403 U.S. 388 (1981), or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, each construction presents unsurmountable hurdles. With respect to a *Bivens* route, Simpler argues that Plaintiffs' claims are time-barred by the relevant statute of limitations. Regarding the Title VII route, Simpler contends that Title VII does not provide for individual liability. Each argument will be addressed in turn.

**I. Plaintiffs' 42 U.S.C. §§ 1981, 1983 Claims**

Neither § 1981 nor § 1983 applies to individuals acting under color of *federal* law. Instead, § 1981 and § 1983 target individuals acting under color of *state* law only. *See Middlebrooks v. Leavitt*, 525 F.3d 341, 349 (4th Cir. 2008) (stating unequivocally

---

[7] Thompson and McDonald assert identical counts against the Defendants. *Compare* Thompson Compl. *with* McDonald Compl.

that § 1981 does not "provide a remedy against federal officials"). This Court clearly applied this principle in *Durham v. Rapp*, 64 F. Supp. 3d 740, 746 (D. Md. 2014), in which it distinguished federal officials acting under color of *state* law from federal officials acting under *federal* law and noted that unlike the former, the latter are not subject to suit under § 1983. *See also Chin v. Wilhelm*, 291 F.Supp.2d 400, 404 (D.Md.2003) (federal employee acting under color of federal law, rather than state law, not subject to suit under § 1983).

Here, Simpler, as a "Contracting Officer Technical Representative" for the NRC, was a *federal* employee acting under color of *federal* law when he allegedly discriminated against Thompson and McDonald. Plaintiffs have thus failed to state a claim for which relief may be granted under either § 1981 or § 1983.

**II. Plaintiffs' *Bivens* Claims**

Defendant Simpler further argues that even if Plaintiffs intended to assert a claim against him under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1981),[8] such a claim would be time-barred by the applicable statute of limitations. This argument is properly construed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as the expiration of the limitations period prevents this Court from exercising subject matter jurisdiction over the claim. In *Bivens*, the United States Supreme Court established a private cause of action for victims of constitutional

---

[8] Plaintiffs neither cite to nor appear to raise any arguments regarding *Bivens*. In construing their *pro se* pleadings liberally, however, this Court will assume Plaintiffs intended to assert a *Bivens* claim against Defendant Simpler.

violations committed by *federal* actors. 403 U.S. 388 (1981). This right is essentially "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (internal citation omitted). As such, courts generally apply § 1983 law to actions pursued under *Bivens*. *See Butz v. Economou*, 438 U.S. 478 (1978).

Although § 1983 does not specify a limitations period, this Court must look to Maryland law for the appropriate statute of limitations. *Grattan v. Burnett*, 710 F.2d 160, 162 (4th Cir. 1983); *see also Arawole v. Gaye*, Civ. A. No. PJM-02-167, 2002 WL 32356684, at *1 (D. Md. Feb. 5, 2005), *aff'd* 46 F. App'x 206 (explaining that courts apply the § 1983 limitations period to actions arising under *Bivens*). This Court, applying Maryland law, accordingly applies the three-year statute of limitations for civil actions, Md. Code Ann., Cts. & Jud. Proc. § 5-101. *Arawole*, 2002 WL 32356684, at *1. In contrast to the derivation of the statute of limitations from state law, the time of accrual of a civil rights action is a question of federal law. *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975); *Arawole*, 2002 WL 32356684, at *1 ("Although the state statute of limitations applies, the time of accrual of the action is a federal question."). Federal law holds that the time of accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Cox*, 529 F.2d at 50 (citing *Young v. Clinchfield R.R. Co.*, 288 F.2d 499, 503 (4th Cir. 1961)).

Accordingly, any *Bivens*-related claims by Plaintiffs are time-barred under Maryland's statute of limitations. At the latest, Plaintiffs' cause of action accrued on

September 15, 2011—the date of their discharge—which constitutes Simpler's final alleged discriminatory act against Plaintiffs during their employment. *See Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977) (concluding that the plaintiff's cause of action against her employer for discrimination accrued on or before the date she was given a termination notice and noting that under applicable federal law, the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of the action). Under the applicable three-year statute of limitations, Plaintiffs were thus required to file any action by September 15, 2014. Yet, Thompson and McDonald filed their Complaints some eight months later, on May 6, 2015 and May 11, 2015, respectively. They, therefore, fail to state a claim for relief under *Bivens*.

**III. Plaintiffs' Title VII Claims**

Finally, to the extent that Plaintiffs assert claims against Simpler in his *individual* capacity pursuant to Title VII of the Civil Rights Act of 1964,[9] they are foreclosed from doing so. The United States Court of Appeals for the Fourth Circuit has clearly held that Title VII does not provide for *individual* liability. *Birkenbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994); *see also Russell v. Russel Motor Cars Inc.*, 28 F. Supp. 3d 414, 419 (D. Md. 2014) (stating that Title VII does not permit individual liability); *Lissau v. S. Food Serv. Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("An

---

[9] Although Counts One and Five do not refer to Title VII, Plaintiffs offer Title VII as legal authority for the present action when describing the alleged discriminatory conduct.

analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."). As Plaintiffs levy Counts One and Five against Simpler in his individual capacity only, they have failed to state a claim for which relief may be granted under Title VII.

In sum, in their respective communications with this Court, neither Plaintiff provides any facts to rebut Simpler's arguments. This Court shall, therefore, grant Simpler's Motion to Dismiss, as Plaintiffs have failed to state a claim against Simpler for which relief may be granted under 42 U.S.C. §§ 1981, 1983, *Bivens*, or Title VII.

## CONCLUSION

For the reasons stated above, Defendant Gary Simpler's Motion to Dismiss (Member Action ECF No. 17) is GRANTED. Plaintiff Emmanuel Thompson and Plaintiff Karl McDonald's respective claims against Defendant Simpler are accordingly DISMISSED and Simpler is dismissed from this consolidated action.

A separate Order follows.

Dated: November 25, 2015  /s/ _____
Richard D. Bennett
United States District Judge