IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMANUEL M. THOMPSON, *et al.*,          *

    Plaintiffs,                                  *

    v.                                              *          Civil Action No. RDB-15-1302

ANDREW PRETZELLO, *et al.*,              *

    Defendants.                                 *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

The present action consists of two consolidated cases.[1]  In the first case, Plaintiff Emmanuel Thompson ("Thompson") brings this action against Defendants Andrew Pretzello ("Pretzello") and the United States Nuclear Regulatory Commission (the "NRC") (collectively, "Defendants"),[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  In the second case, Plaintiff Karl McDonald ("McDonald") asserts identical claims and facts to those levied by Thompson.  Both McDonald and Thompson (collectively, "Plaintiffs"), proceeding *pro se,* claim they suffered discrimination on the basis of their race while stationed, through their employment with GS4 American's Waken Hut Service ("Waken Hut"), at Defendant NRC.  Due to the

---

[1] The consolidated actions are *Thompson v. Simpler, et al.,* RDB-15-1302, and *McDonald v. Simpler, et al.,* GJH-15-1343, the latter of which by Order of October 1, 2015 was consolidated under RDB-15-1302 and closed.  The Clerk of the Court was instructed that Karl McDonald be listed as a second plaintiff in the present case.  Both plaintiffs are *pro se.*

[2] Thompson originally named Scott Williamson ("Williamson") and Gary Simpler ("Simpler") as additional defendants.  Thompson then stipulated to Williamson's dismissal with prejudice (ECF No. 4), and this Court granted Simpler's Motion to Dismiss (ECF No. 17) on November 25, 2015. Accordingly, Counts I, II, V and VI as to those defendants have been previously DISMISSED.

common questions of law and fact, this Court consolidated the cases on October 2, 2015, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  *See* Order, ECF No. 21.

Presently pending before this Court is Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 30).[3]  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated below, Defendants Andrew Pretzello and United States Nuclear Regulatory Commission's Motion to Dismiss and for Summary Judgment (ECF No. 30), construed as a Motion to Dismiss, is GRANTED.  Plaintiffs' Complaints are thus DISMISSED in their entirety.

## BACKGROUND

This Court accepts as true the facts alleged in Plaintiffs' Complaints.[4]  *See Asiz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  This Court also recognizes that Plaintiffs are *pro se* and has accorded their pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I.   Alleged Discriminatory Conduct

Plaintiffs allege that they suffered discrimination on the basis of their race while stationed, through their employment with GS4 American's Waken Hut Service ("Waken

---

[3] In the pending Motion, construed as a motion to dismiss, Defendants Pretzello and NRC move to dismiss only Plaintiff Thompson's Complaint.  Generally, the consolidation of cases "is permitted as a matter of convenience and economy in administration, [but] . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).  Yet, in the interests of judicial economy and convenience, a party need not file a dispositive motion in each action. *Weststeyn Dairy 2 v. Eades Commodities Co.*, 280 F. Supp. 2d 1044, 1074 (E.D. Cal. 2003).  As Thompson and McDonald assert identical allegations against the remaining Defendants, this Court will construe Defendants' Motion to Dismiss as addressed to both *pro se* Plaintiffs.

[4] Apart from recounting specific personal information, the Thompson and McDonald Complaints are identical.  This Court will thus refer only to the Thompson Complaint in discussing the Plaintiffs' allegations.

Hut"), at Defendant NRC.  At the time of the alleged discriminatory conduct,[5] Thompson and McDonald were employed as security professionals by Waken Hut but stationed at the NRC.  Thompson Compl. ¶ 3, ECF No. 1.  Beginning in 2008, Simpler was allegedly assigned to the Plaintiffs' work location as the "Contracting Officer Technical Representative."  *Id.* ¶ 5.  Plaintiffs are African-American, whereas Simpler is Caucasian. Plaintiffs allege that Simpler made repeated racially-charged derogatory remarks directed at the Plaintiffs and other African-American employees from 2009 to 2010.  *Id.* ¶¶ 6, 8, 9, 10. Defendant Pretzello, the Deputy Director of the Division of Facilities and Security at Defendant NRC, was allegedly Simpler's supervisor and "responsible for [Simpler's] hiring and/or maintenance of his employment" during all periods relevant to Plaintiffs' claims.  *Id.* ¶ 7.

In response to Simpler's alleged actions, Plaintiffs filed a written complaint of racial discrimination in January 2010.[6]  *Id.* ¶ 10.  Later that month, McDonald attended a meeting with Branch Chief Darlene Fenton ("Branch Chief Fenton") and two other individuals.  *Id.* ¶ 11.  At the meeting, McDonald described Simpler's alleged discriminatory actions in detail. *Id.*  A meeting was then held to discuss the discrimination allegations, at which the Waken Hut management team and Pretzello were present.  *Id.*  Thompson and McDonald allege that, despite these meetings, no action was taken against Simpler.  *Id.* ¶ 12.

Plaintiffs claim that Simpler continued to make racially-charged derogatory comments to them.  *Id.* ¶ 13.  Thompson and McDonald consequently filed another written complaint

---

[5] Thompson was employed by Waken Hut and assigned to the NRC from 2004-2011.  Thompson Compl. ¶ 3, ECF No. 1.  Thompson was discharged on September 15, 2011.  *Id.* ¶ 14.  McDonald was employed by Waken Hut and assigned to the NRC from 1997-2011.  McDonald Compl. ¶¶ 14, 15,  Member Action ECF No. 1.  McDonald was also discharged on September 15, 2011.  *Id.* at ¶ 15.
[6] Plaintiffs do not specify if the written complaint was filed with the NRC or Waken Hut.

in April 2011 and met with Branch Chief Fenton to discuss their complaint. *Id.* Branch Chief Fenton then allegedly told the Plaintiffs that she would terminate Simpler. *Id.* Plaintiffs assert that "upper level management" at NRC, including Pretzello, blocked Simpler's termination. *Id.* Subsequently, Branch Chief Fenton was allegedly "removed, relocated, and/or terminated." *Id.* On September 15, 2011, Plaintiffs were discharged for alleged "timesheet falsification." *Id.* ¶ 14. Plaintiffs contend that this justification was mere pretext for their wrongful termination, which they claim was a result of their "rightful opposition to [Simpler's] racial discrimination." *Id.* ¶ 15.

## II.   Freedom of Information Act ("FOIA") Request

Pursuant to Plaintiffs' allegations of Simpler's discriminatory conduct, the NRC Officer of Inspector General ("NRC OIG") initiated an investigation to create a report on the matter ("OIG Report"). Defs.' Mot. to Dismiss 3, ECF No. 30. On May 9, 2014, during the separate litigation Plaintiffs initiated against Waken Hut, McDonald, through counsel, requested "access to the report and any accompanying documents, information and/or tangible items that were used in preparation and/or dissemination of the report, pursuant to the Freedom of Information Act." Defs.' Mot. to Dismiss Ex. B, ECF No. 30-3 (Copy of FOIA Request).[7] The FOIA request was denied under 5 U.S.C. § 552(b)(7)(A),

---

[7] In reviewing a Motion to Dismiss, this Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999))). As such, this Court takes judicial notice of Exhibits B (ECF No. 30-3), C (ECF No. 30-4), D (ECF No. 30-5), E (ECF No. 30-6), F (ECF No. 30-7), G (ECF No. 30-8), I (ECF No. 30-9), and J (ECF No. 30-10) of Defendants Motion to Dismiss. The documents chronicle the Plaintiffs' FOIA requests and are thus integral to their present request

4

which provides a disclosure exemption where the requested information could interfere with an enforcement proceeding. Defs.' Mot. to Dismiss Ex. C, ECF No. 30-4 (Copy of FOIA Response). McDonald twice appealed the denial of his request, however these appeals were also denied on July 11, 2014. Defs.' Mots. to Dismiss Exs. D, F, ECF Nos. 30-5 & 30-7 (Copies of Appeal Letters). Upon McDonald's third appeal of the request denial, the NRC OIG had concluded its investigation; thus, the disclosure exemption no longer applied. The NRC subsequently produced the "releasable portions" of the OIG Report, redacting any identifying information of "the target, all third-party witnesses, and the investigatory officers." Defs.' Mot. to Dismiss Exs. I, J, ECF Nos. 30-9 & 30-10 (Copies of Appeal Determination Letter, Redacted NRC OIG Report). McDonald and Thompson now seek the disclosure of the redacted individuals' names.

STANDARDS OF REVIEW

**I.      Rule 12(b)(1) of the Federal Rules of Civil Procedure**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff

---

for disclosure of the redacted individuals' identifying information. Plaintiffs do not dispute the authenticity of the attached documents.

carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Services*, 94 F. Supp. 2d 680, 684–85 (D. Md. 2000).

## II.     Rule 12(b)(6) of the Federal Rules of Civil Procedure

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.3d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D.

Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.   The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 446 F.3d 480, 483 (4th Cir. 2006).   The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

## ANALYSIS

It appears that only Counts Three and Seven of Plaintiffs' Complaints are directed at Defendant Pretzello, while Counts Four, Eight, and Nine are directed solely at Defendant NRC.[8]   In Counts Three, Seven, Eight, and Nine, Plaintiffs allege Defendants violated 42 U.S.C. § 1981 and 42 U.S.C. § 1983 by endorsing Simpler's "racially oppressive and offensive conduct" in failing to act despite knowledge of such racially discriminatory conduct.   In Count Four, Plaintiffs seek an order pursuant compelling Defendant NRC to produce the complete report stemming from its investigation into Simpler's alleged discriminatory conduct.

---

[8] Accordingly, Counts One, Two, Four, Five, Six, and Eight are DISMISSED with respect to Pretzello, and Counts One, Two, Three, Five, Six, and Seven are DISMISSED as to the NRC.

Defendants move to dismiss the counts on several grounds.  Defendants first argue that, to the extent Plaintiffs invoke Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), any Title VII claims must be dismissed due to Plaintiffs' failure to exhaust available administrative remedies.  Defendants next contend that neither 42 U.S.C. § 1981 nor 42 U.S.C. § 1983 applies to the federal government, and thus they provide no form of relief against the federal government or its officials.  Even if the 42 U.S.C. § 1983 claim is construed as a *Bivens* claim,[9] it is barred by the applicable statute of limitations.  Finally, with respect to McDonald's request for disclosure of the NRC Office of Inspector General's Report 13-029 ("OIG Report"), Defendants argue that the request should be denied as Plaintiffs further only private interests in obtaining the information.  Each argument will be addressed in turn.

## I.    Title VII Claims

As a preliminary matter, Defendants argue any claim by Plaintiffs under Title VII must be dismissed for a failure to exhaust administrative remedies.[10]  Prior to filing a Title VII claim in federal court, "a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC [United States Equal Employment Opportunity Commission]."  *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000).  A failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim "deprives the federal courts of subject matter jurisdiction over the claim."  *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 1999).  As the United States Court of Appeals for the Fourth Circuit

---

[9] *Bivens v. Six Unknown Named Narcotic Agents*, 403 U.S. 388 (1981).
[10] Although Plaintiffs do not reference Title VII in any individual count against the Defendants, they contend generally that the cause of action is brought pursuant to Title VII.

8

has explained, a federal discrimination claim brought by a private party cannot be heard in federal court "until the EEOC has conducted an investigation and determined the validity of the claim." *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995). The plaintiff bears the burden of proving subject matter jurisdiction. *Smith v. Wash. Metro Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002).

In this case, Plaintiffs have failed to exhaust available administrative remedies with the EEOC regarding the alleged discriminatory action. *See* 29 C.F.R. § 1614. Although Plaintiffs appear to have properly exhausted administrative remedies with the EEOC for their suit against Waken Hut, they offer no facts indicating that they have similarly complied with respect to the present Defendants. Plaintiffs claim that they "received a right to sue letter [presumably from the EEOC] on February 6, 2014," but they do not attach the letter in question, nor any other proof of their alleged EEOC complaint. Thompson Compl. ¶ 21. As Plaintiffs bear the burden of proving subject matter jurisdiction, they must do more than simply state that they complied. Absent such proof, this Court lacks jurisdiction over any Title VII claims asserted against Pretzello or the NRC.[11]

## II.   42 U.S.C. §§ 1981, 1983 Claims

Defendants next argue that Plaintiffs' claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 should be dismissed because neither statute applies to the federal government, thereby providing no avenue for relief against the federal government or its officials. Defendants are correct—neither § 1981 nor § 1983 applies to individuals acting under color of *federal* law.

---

[11] Alternatively, Defendants argue Plaintiffs' Title VII claims fail because (1) only federal employees are protected from discrimination under Title VII and Plaintiffs are not federal employees and (2) neither the NRC nor Pretzello are proper defendants under Title VII. Because this Court lacks subject matter jurisdiction due to Plaintiffs' failure to exhaust administrative remedies, this Court need not consider Defendants' alternative arguments.

Instead, both statutes target individuals acting under color of *state* law. In *Middlebrooks v. Leavitt*, 525 F.3d 341, 349 (4th Cir. 2008), the Fourth Circuit stated unequivocally that § 1981 does not "provide a remedy against federal officials." This Court reached a similar conclusion in *Durham v. Rapp*, 64 F. Supp. 3d 740, 746 (D. Md. 2014). In *Durham*, this Court distinguished between federal officials acting under color of *state* law and federal officials acting under *federal* law, noting that, unlike the former, the latter are not subject to suit under § 1983. *Id.*; *see also Chin v. Wilhelm*, 291 F. Supp. 2d 400, 404 (D. Md. 2003) (federal employee acting under color of federal law, rather than state law, not subject to suit under § 1983).

Here, Pretzello, as the Deputy Director of the Division of Facilities and Security for the NRC, was a *federal* employee acting under color of *federal* law during relevant time period. Furthermore, as a division of the *federal* government, the NRC cannot be a state entity subject to suit under either § 1981 or § 1983. Plaintiffs offer no facts showing that either Defendant is an employee or a part of any *state* government to which § 1981 or § 1983 applies. Plaintiffs have thus failed to state a claim for which relief may be granted under either statute.

## III.    *Bivens* Claim

In the alternative, Defendants contend that, to the extent Plaintiffs' § 1983 claims are construed under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1981), any such claim would be time-barred by the applicable statute of limitations.[12] This argument is properly considered under Rule 12(b)(1) of the Federal rules of Civil Procedure, as the

---

[12] Plaintiffs neither cite to nor appear to raise any arguments regarding *Bivens*. In construing their *pro se* pleadings liberally, however, this Court will assume Plaintiffs intended to assert a *Bivens* claim against the Defendants.

expiration of the limitations period precludes this Court from exercising subject matter jurisdiction over the affected claim.  In *Bivens*, the United States Supreme Court established a private cause of action for victims of constitutional violations committed by *federal* actors. 403 U.S. at 388.  This right is essentially "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983."  *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (internal citations omitted).  As such, courts generally apply § 1983 law to actions pursued under *Bivens*.  *See, e.g.*, *Butz v. Economou*, 438 U.S. 478 (1978).

Although § 1983 does not specify a limitations period, this Court must look to Maryland law for the appropriate statute of limitations.  *Grattan v. Burnett*, 710 F.2d 160, 162 (4th Cir. 1983); *see also Arawole v. Gaye*, Civ. A. No. PJM-02-167, 2002 WL 32356684, at *1 (D. Md. Feb. 5, 2005), *aff'd* 46 F. App'x 206 (explaining that courts apply the § 1983 limitations period to actions arising under *Bivens*).  This Court, applying Maryland law, accordingly employs the three-year statute of limitations for civil actions, Md. Code Ann., Cts. & Jud. Proc. § 5-101.  *Arawole*, 2002 WL 32356684, at *1.  In contrast to the derivation of the statute of limitations from state law, the time of accrual of a civil rights action is a question of federal law.  *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975); *Arawole*, 2002 WL 32356684, at *1 ("Although the state statute of limitations applies, the time of accrual of the action is a federal question.").  As the Fourth Circuit explained in *Cox*, the limitations period begins to accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Cox*, 529 F.2d at 50 (citing *Young v. Clinchfield R.R. Co.*, 288 F.2d 499, 503 (4th Cir. 1961)).

In this case, any *Bivens*-related claims by Plaintiffs are time-barred under Maryland's statute of limitations.  At the latest, Plaintiffs' cause of action began to accrue on September 15, 2011—the date of their discharge—which constitutes Simpler's (and, therefore, Pretzello and the NRC's) final alleged discriminatory act against Plaintiffs during their employment. *See Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977) (concluding that the plaintiff's cause of action against her employer for discrimination accrued on or before the date she was given a termination notice and noting that under applicable federal law, the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of the action).  Under the applicable three-year statute of limitations, Plaintiffs were thus required to file any action by September 15, 2014.  Yet, Thompson and McDonald filed their Complaints some eight months later, on May 6, 2015 and May 11, 2015, respectively.  They thus fail to state a claim for relief under *Bivens*.[13]

## IV.    FOIA Request Denial Claim

Finally, Defendants argue that Plaintiffs' request for the NRC OIG Report should be denied because Plaintiffs' request furthers only private interests in obtaining that information.  The purpose of the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA") is to serve as a "policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to the functioning of a democratic society." *F.B.I. v. Abramson*, 456 U.S. 615, 621 (1982) (internal quotation marks and citations omitted).  The Fourth Circuit has recognized that although FOIA "generally mandates disclosure of information contained in public records, it also 'expressly recognizes that public disclosure is not always in the

---

[13] Once again, Defendants assert several alternative arguments, none of which needs be considered in light of the expiration of the statute of limitations.

public interest,'" *Casa De Maryland, Inc. v. U.S. Dep't of Homeland Sec.*, 409 F. App'x 697, 699 (4th Cir. 2011) (quoting *Spannaus v. United States Dep't of Justice*, 813 F.2d 1285, 1288 (4th Cir. 1987) (internal citation omitted)), since "legitimate governmental and private interests could be harmed by release of certain types of information," *Casa De Maryland*, 409 F. App'x at 699 (quoting *FBI v. Abramson*, 456 U.S. 615, 621 (1982)).  To balance these concerns, Congress crafted nine exemptions to FOIA.  5 U.S.C. § 552(b).

Of relevance to this case, FOIA Exemption 7(C) "excuses from disclosure 'records or information compiled for law enforcement purposes' if their production 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 160 (2004) (quoting § 552(b)(7)(C)).  To determine whether Exemption 7 applies, courts must use a balancing approach that weighs individual privacy interests against the public interest in disclosure.  *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989). The concern for individual privacy interests recognizes that "individuals such as subjects, witnesses, informants, and government employees have a substantial interest in nondisclosure of their identities and connection with particular investigations." *Baltimore Sun v. U.S. Marshals Serv.*, 131 F. Supp. 2d 725, 728 (D. Md. 2001). Indeed, "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary . . . to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *Id.* (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991)). In contrast, the "public interest in disclosure" looks to "the extent to which disclosure would serve the 'core purpose of the FOIA,' which is

'contributing significantly to public understanding of the operations or activities of the government.'" *U.S. Dep't of Def. v. Fed. Labor Relations Authority*, 510 U.S. 487, 495 (1994) (quoting *Freedom of the Press*, 489 U.S. at 775).

Thompson and McDonald seek the disclosure of the individuals' whose names were redacted from the NRC OIG Report. These individuals, however, have a substantial interest in the nondisclosure of their identifying information, as such information could conceivably affect their professional and personal reputations. In response, Plaintiffs simply assert that "any alleged privacy interests that serves [*sic*] as the basis for [the NRC's] failure to produce the sought-after information is outweighed by the relevance of the misconduct report to the instant matter." Thompson Compl. 11. They do not explain how such "relevance" promotes the "public understanding of the operations or activities of the government." Rather, it appears that Plaintiffs' sole interest in the disclosure of the redacted individuals' identifying information is to further their claims in the present suit. They do not explain how this suit will contribute to public knowledge. Given the sensitivity of the privacy interests, the redacted NRC OIG Report is sufficient to inform the public of the allegations of misconduct and subsequent investigation. As Thompson and McDonald show no public interest in disclosing the redacted individuals' names, their request for disclosure of the unredacted report is denied.

In sum, even under the liberal construction accord to *pro se* plaintiffs, Thompson and McDonald fail to present any facts or arguments showing that they are entitled to relief against Defendants Pretzello and the NRC. Counts Three and Seven, the sole remaining

counts against Pretzello, are thus dismissed. Similarly, Counts Four, Eight, and Nine, the sole remaining counts against the NRC, are also dismissed.

CONCLUSION

For the reasons stated above, Defendants Andrew Pretzello and United States Nuclear Regulatory Commission's Motion to Dismiss and for Summary Judgment (ECF No. 30), construed as a Motion to Dismiss, is GRANTED. Plaintiffs' Complaints are thus DISMISSED in their entirety.

A separate Order follows.

Dated:        May 5, 2016

                                        _____/s/_____
                                        Richard D. Bennett
                                        United States District Judge